**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10491 |
| Plaintiff - Appellee, | D.C. No. 1:06-CR-00299-AWI-1 |
| v. | |
| KEITH DAVID GOODWIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted September 1, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN, and RAWLINSON, Circuit Judges.

Defendant-Appellant Keith Goodwin timely appeals his convictions for seventeen counts of fraud. Because the parties are familiar with the facts and procedural history of this case, we will discuss them only as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Goodwin first argues that his motion for a new trial based on the government's violation of its duties pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), was erroneously denied. To show a due process violation based on the prosecution's suppression of material evidence favorable to the accused, a defendant must show that (1) the evidence was favorable to the accused, either exculpatory or impeaching, (2) the evidence was suppressed by the government, and (3) the defendant was prejudiced. *Jackson v. Brown*, 513 F.3d 1057, 1071 (9th Cir. 2008) (citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)). By submitting only an unsigned declaration to prove his claims, and not supplementing the record with a signed substitute, Goodwin has failed to demonstrate that the favorable evidence exists, much less that it was suppressed.

Goodwin next contends that the district court should have granted his motion for a new trial, because a government witness lied. To show a due process violation based on knowingly perjured testimony, a defendant must show that (1) the testimony was false, (2) the government knew or should have known that the testimony was false, and (3) the testimony was material. *Jackson*, 513 F.3d at 1071–72 (quoting *Hayes v. Brown*, 399 F.3d 972, 984 (9th Cir. 2005) (en banc)); *see also Napue v. Illinois*, 360 U.S. 264, 269 (1959). To the extent Goodwin still relies on a claim that government witnesses falsely testified that they had not

2

interviewed Garrett Goodwin, that is belied by the record.  With respect to Agent

Arico's testimony about how many photographs were shown to witness Maria

Vargas, Goodwin has failed to show that the testimony was false.

Next, Goodwin complains that the district court erred in triple counting

losses in calculating loss for purposes of U.S.S.G. § 2B1.1(b).  By abandoning this

argument below, Goodwin waived it.  *United States v. Manarite*, 44 F.3d 1407,

1419 n.18 (9th Cir. 1995).  Further, the record reflects no triple counting.

Finally, Goodwin alleges that the district court abused its discretion in

sentencing him to only partially concurrent sentences on his four convictions for

Aggravated Identity Theft.  A violation of 18 U.S.C. § 1028A requires a two-year

term for each conviction, consecutive to the underlying offense.  However, the

court may exercise its discretion to run multiple terms concurrently, in whole or in

part, as long as it considers the guidelines and policy statements of the Sentencing

Commission.  18 U.S.C. § 1028A(b)(4).  The district court did so.  It did not abuse

its discretion.  *United States v. Rosas*, __ F.3d __, Nos. 09-10011 & 09-10013,

2010 WL 3211732, at *6 (9th Cir. Aug. 16, 2010).

**AFFIRMED.**